UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Nichole Riggs and Bradley D. Riggs, <br><br> Plaintiffs, <br><br> v. <br><br> Financial Builders Federal Credit Union and Equifax Information Services, LLC, <br><br> Defendants. | Civil Action No. 1:20-cv-2281 |

## COMPLAINT

Plaintiffs, Nichole Riggs and Bradley D. Riggs (hereinafter "Plaintiffs"), by and through their attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, and by way of Complaint against Defendants, Financial Builders Federal Credit Union ("FBFCU") and Equifax Information Services, LLC ("Equifax"), allege as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit history to credit reporting agencies. 15 U.S.C. § 1681(b).

## PARTIES

2. Plaintiffs, Nichole Riggs and Bradley D. Riggs, are adult residents of Indiana.

1

3. Plaintiffs are consumers as defined by § 1681a(c) of the FCRA.

4. Defendant FBFCU is a financial institution as defined by § 1681a(t) of the FCRA and a business entity that reports consumers' credit information to consumer reporting agencies.

5. Defendant Equifax is a limited liability company that assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and is therefore a consumer reporting agency. 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising from the laws of the United States. The rights and obligations of the parties in this action arise out of the FCRA. Furthermore, FCRA § 1681p provides that an action to enforce any liability created under the FCRA may be brought in any appropriate United States District Court without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Howard County, Indiana, where the Plaintiffs reside. Howard County is in the Southern District of Indiana.

## FACTUAL ALLEGATIONS

8. Defendant FBFCU issued a credit card account ending in 6702 to Plaintiffs. The account was routinely reported on Plaintiffs' consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiffs' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used to establish the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes. 15 U.S.C. § 1681a(d)(1)(A).

10. On or about June 15, 2017, Plaintiffs and FBFCU, through its attorneys McIntyre, Hilligoss, Vent, OKeefe & Welke, entered into a settlement agreement to satisfy the outstanding balance in the above-referenced account. A copy of the settlement agreement is attached hereto as <u>Exhibit A</u>.

11. Pursuant to the terms of the settlement agreement, Plaintiffs were required to make monthly payments totaling $13,893.60 to settle and close their FBFCU account.

12. Plaintiffs, through their debt settlement representative, timely made the requisite settlement payments. Proof of these payments is attached hereto as <u>Exhibit B.</u>

13. Over half a year later, Plaintiffs' FBFCU account was reported as unpaid.

14. In particular, on a credit report requested by Plaintiffs dated March 27, 2020, Plaintiffs' FBFCU account was reported with a status of "DELINQ 60," a balance of $9,617.00, and a past due balance of $1,086.00. The relevant portion of Plaintiffs' credit report is attached hereto as <u>Exhibit C</u>.

15. This tradeline was inaccurately reported. The FBFCU account was settled and the settlement was paid in full. The account must therefore be reported as

settled with a balance of $0.00, as evidenced by the agreement and proof of payments (Exhibits B and C).

16. On or about May 19, 2020, Plaintiffs, by counsel , notified the following credit reporting agencies directly of a dispute with the completeness and/or accuracy of the report by certified mail and in accordance with 15 U.S.C. § 1681i: Transunion Consumer Solutions, Experian, Experian Information Solutions, Inc., Equifax Information Services, LLC, and Innovis Consumer Assistance. A redacted copy of this letter is attached as Exhibit D.

17. In July of 2020, Plaintiffs requested updated credit reports for review. The tradeline for Plaintiffs' FBFCU account remained inaccurate as Defendants had failed to correct the status of the account. The relevant portion of the July 2020 credit report is attached hereto as Exhibit E.

18. Equifax did not notify FBFCU of the dispute by Plaintiffs in accordance with the FCRA, or, alternatively, did notify FBFCU, and FBFCU failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiffs' credit reports.

19. If FBFCU had performed a reasonable investigation of Plaintiffs' dispute, Plaintiffs' FBFCU account would have been updated on the credit report to reflect a balance of $0.00.

20. Although FBFCU has promised through its subscriber agreements and contracts to accurately update accounts, FBFCU has willfully, maliciously, recklessly, wantonly, and/or negligently failed to do so, and inaccurate

information has remained on Plaintiffs' credit reports. FBFCU has therefore violated the FCRA.

21. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit information and Plaintiffs' credit reports, thus violating the FCRA § 1681(b). These violations occurred before, during, and after the dispute process began with Equifax.

22. At all times relevant to this action, Defendants were acting by and through their agents, servants and/or employees. These agents, servants, and/or employees were acting within the scope and course of their employment and under the direct supervision and control of Defendants.

23. At all times relevant to this action, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiffs herein.

## CLAIM FOR RELIEF

24. Plaintiffs reassert and incorporate by reference the above facts and allegations.

25. Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).

26. FBFCU is an entity that, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer. FBFCU is therefore a "furnisher" as defined in 15 U.S.C. § 1681s-2.

27. FBFCU is reporting inaccurate credit information concerning Plaintiffs to one or more consumer reporting agencies.

28. Plaintiffs notified Defendants directly of a dispute on the account's completeness and/or accuracy as reported.

29. FBFCU failed to complete an investigation of Plaintiffs' written dispute and provide the results of an investigation to Plaintiffs and the consumer reporting agencies within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b)(1)(A).

30. FBFCU failed to promptly modify the inaccurate information on Plaintiffs' credit reports in violation of 15 U.S.C. § 1681s-2(b)(1)(E)(i).

31. Equifax failed to delete information found to be inaccurate, reinserted the information, or failed to properly investigate Plaintiffs' disputes in violation of the FCRA.

32. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports concerning the account in question, thus violating 15 U.S.C. § 1681e(b).

33. As a result of the above violations of the FCRA, Plaintiffs suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of a credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

34. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for actual damages, punitive damages, statutory damages, attorney's fees, and costs.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or, alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or, alternatively, 15 U.S.C. § 1681o; and

4. That the Court grants such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

By: /s/ Anasuya Shekhar
Anasuya Shekhar, Esq. (Bar No. 35360-53)
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
FAX : (877) 366-4747
E-mail: Anasuya.S@gitmeidlaw.com
*Attorneys for Plaintiffs*